## DISBROW *vs.* JOHNSON and others.

1. The complainant, having failed to attach the required revenue stamp to the original writ, after the expiration of the time limited for the defendant to file his answer, attached the stamp and took a decree *pro confesso;* the defendant moved to set aside the decree. Motion denied with costs, but, under the circumstances of the case, without prejudice to the motion being renewed within fifteen days, if the defendant could make affidavit of a good defence, and show what that defence is.

2. Such affidavit should be entitled in the cause.

---

*Mr. Borcherling,* for complainant.

*Mr. Kirkpatrick,* for defendants.

THE CHANCELLOR.

The subpœna in this case was issued without a stamp; the copy served on the defendant, Johnson, had no copy of a stamp, and his solicitor, upon inspecting the original, finding that it had no stamp, advised him that the process was void, and that he need not answer.

After the time for filing the answer had expired, the complainant caused a stamp to be affixed to the subpœna, and without further notice to Johnson, took a decree *pro confesso*.

The defendant, Johnson, moves to set aside this decree, and founds his motion upon an affidavit of these facts, but without any affidavit showing what is his defence, or that he has any good defence to the suit.

The 158th section of the Internal Revenue act of the United States, of June 30th, 1864, amended by the act of July 13th, 1866, enacts that any document issued without a proper stamp shall be invalid and of no effect.

A subpœna *ad respondendum* requires a fifty cent stamp. It is not necessary, to render the instrument invalid, that the omission should have been with intent to evade the act; the penalty can be recovered only in case of omission with such intent. But the act declares every such document, &c., repeating the enumeration first made, to be invalid, without respect to the manner in which the omission was made.

But the same section provides that any such document may be stamped by the collector of the district, and when stamped, shall be as valid as if stamped when made or issued. Congress have the right to impose and modify the penalty for disobedience to their own act, and the state courts must administer this act, as passed, without regard to the consequence to the revenue. To allow a writ or document to be made as good as if originally stamped, by the subsequent affixing of a stamp, may encourage great carelessness in affixing stamps, but congress has thought best to permit it.

When the stamp was affixed to this writ, the complainant was in the same situation as if it had been affixed to it when

issued, and therefore he was entitled to the decree *pro con-fesso* when it was taken.   The defendant, knowing that the writ could be so amended at any moment, ought not to have neglected to file his answer.

But the affidavit shows that his solicitor, in good faith, supposed that he was not bound to answer until sixty days after the writ should be stamped ; and as this provision of the act has not, as far as known, received any judicial con-struction, the defendant ought not, in such case, to be de-prived of his defence by the misapprehension of his solicitor.

Yet, in order to open a decree regularly entered, it is necessary that it appear that the defendant has some good defence, and what that defence is.

The motion is denied with costs, but under the circum-stances of the case, without prejudice to the motion being renewed within fifteen days, if the defendant can make affi-davit of a good defence, and show what that defence is. Such affidavit should be entitled in the cause.